**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10270 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00125-KJM-2 |
| v. | |
| DAWNIEL SANTANGELO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted May 15, 2024[**]
San Francisco, California

Before: S.R. THOMAS, CALLAHAN, and SANCHEZ, Circuit Judges.

Defendant-Appellant Dawniel Santangelo appeals from her conviction and

sentence for sex trafficking three teenage girls in violation of 18 U.S.C. §§ 1591,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

1594(c), and 2423(a).  We have jurisdiction under 28 U.S.C. § 1291.  On appeal, Santangelo disputes two evidentiary rulings made during trial.

We review preserved objections to the district court's evidentiary rulings for abuse of discretion and unpreserved objections to evidentiary rulings for plain error.  *United States v. Alahmedalabdaloklah*, 94 F.4th 782, 835–36 (9th Cir. 2024).  We review Confrontation Clause claims and the district court's interpretation of the Federal Rules of Evidence de novo.  *United States v. Urena*, 659 F.3d 903, 907–08 (9th Cir. 2011).  As the parties are familiar with the history of the case, we need not recount it here.  We affirm.

I

The district court did not abuse its discretion by limiting defense counsel's generalized questions about the pimp-prostitute relationship.  District courts are permitted to limit cross-examination questioning that is not "reasonably related to the issues [the defendant] put in dispute by his testimony on direct."  *United States v. Vasquez*, 858 F.2d 1387, 1392 (9th Cir. 1988) (alteration in original) (citation omitted).  The district court properly concluded that the questions were inappropriate subject matter for cross examination because they went "beyond the subject matter of the direct examination and matters affecting the witness's

2

credibility." Fed. R. Evid. 611(b). The direct testimony only concerned the investigation. Defense counsel's generalized questions were not reasonably related to the testimony about the investigation.

In addition, as the district court properly held, these questions were aimed at soliciting improper lay witness testimony under Federal Rule of Evidence 701. The witness was not designated as an expert. Lay witnesses may only give testimony that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Lay opinions must be based on the witness's "perception" rather than the witness's "knowledge, skill, experience, training, or education." *Compare* Fed. R. Evid. 701 *with* Fed. R. Evid. 702. Defense counsel's questions were fully disconnected from the witness's perceptions during his investigation, and were instead based solely on the witness's expertise.

## II

The district court did not abuse its discretion by limiting questions about the content of unadmitted text messages. The record demonstrates that the district

court prevented defense counsel from asking the witness about the text messages because "the texts [were not] admitted in the first instance."

"The best evidence rule provides that the original of a 'writing, recording, or photograph' is required to prove the contents thereof." *United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004) (quoting Fed. R. Evid. 1002). The best evidence rule is violated "by presenting oral testimony based on the witness' review of computer printouts without actually introducing the printouts themselves into evidence." *Id.* at 953–54 (quoting 14 Am. Jur. Proof of Facts 2d 173 § 14 (1977)). The questioning was directed at presenting oral testimony about the content of the texts, without actually introducing the text messages. Further, Santangelo made no showing that the original text messages were unobtainable. *See id.* at 954 (citing Fed. R. Evid. 1004).

III

The district court's proper application of well-established rules of evidence did not violate Santangelo's Confrontation Clause rights or right to present a defense. Santangelo did not preserve her constitutional objections by raising them at trial, so we review for plain error. *See Alahmedalabdaloklah*, 94 F.4th at 836.

4

"A limitation on cross-examination does not violate the Confrontation Clause unless it limits relevant testimony and prejudices the defendant, and denies the jury sufficient information to appraise the biases and motivations of the witness." *Urena*, 659 F.3d at 907–08 (citation omitted). The district court's rulings did not limit relevant testimony or credibility challenges.

Additionally, Santangelo waived her argument that her right to present a defense was violated because she did not "specifically and distinctly" argue it in her opening brief. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986).

**AFFIRMED.**